UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAVERICK ALEXANDER YOUNG, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:23-cv-01852-TWP-MG ) |
| STATE OF INDIANA, | ) ) ) |
| Defendant. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT, DENYING PENDING MOTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on several pending motions. *Pro se* Plaintiff Maverick Alexander initiated this action on October 15, 2023, in a filing titled Petition for Legal Name Change, Tort Claim for Emotional Distress, and Request for Removal of Parents from All Records to be Reviewed in Lake County, Indiana, (Dkt. 1), which the clerk docketed as a Complaint. Since that time Plaintiff has filed a Motion for Emergency Protective Order Against the State of Indiana and Illinois (Dkt. 11), Motion to Appoint Subject Matter Experts (Dkt. 12), Motion for Lifetime Restraining Order (Dkt. 15), Motion to Revoke Parental Association (Dkt. 16), Motion for Contempt of Court (Dkt. 18), Motion for Joint Agreed Upon Protective Order (Dkt. 19), Emergency Request for Re-Admittance to WITSEC and Relocation for Safety (Dkt. 23), Motion for Assistance and Acknowledgement of Severe Trauma (Dkt. 24), and Motion for Electronic Filings (Dkt. 25). This Entry screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and addresses Plaintiff's motions.

## I. FILING FEE

Plaintiff filed his Complaint on October 15, 2023 without paying the filing fee. On October 24, 2023, the Court issued a Notice of Deficiency and Order Directing Further Action ordering Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis*. (Dkt. 4.) Instead, Plaintiff filed an Affidavit of Lack of U.S. Currency for Appeal or Filing Fee asserting that he does not possess any U.S. currency and that his primary form of currency is a cryptocurrency called "Shiba Inu." (Dkt. 8.) To the extent this document is intended as a motion to proceed *in forma pauperis*, it does not contain any information, such as the amounts of his assets (cryptocurrency or otherwise) or his obligations, from which the Court can determine his capacity to pay the filing fee. Accordingly, any intended motion to proceed *in forma pauperis* (Dkt. 8) must be **denied**. Plaintiff has not paid the filing fee and this case can be dismissed on that basis alone.

## II. SCREENING STANDARD

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir.1999). *See also* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank*, *N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### III. COMPLAINT

Plaintiff's Complaint is difficult to decipher. Although he does not list any defendants in the caption, it appears that the State of Indiana and Illinois are the intended defendants. Plaintiff alleges that the states of Indiana and Illinois have violated Title II of the Civil Rights Act by denying his petitions for name change and removal of his parents from his records. He also asserts that the has been subject to hate crimes under the Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act. As relief, Plaintiff seeks a legal name change, the removal of his parents from all his records, and $50 billion for emotional distress damages. (Dkt. 1 at 1.) Plaintiff's Complaint relates absolutely no facts that would permit the Court to conclude that the defendant(s) committed any misconduct that would violate the law. Nothing in the Complaint or elsewhere sets forth a plausible claim for relief. Accordingly, the Complaint must be **dismissed** for failure to state a claim upon which relief can be granted.

### III. PLAINTIFFS OTHER FILINGS

Plaintiff made eighteen filings on November 13, 2023 (Dkts. 5 thru 23 inclusive). These filings included seven motions, consisting mostly of stream-of-consciousness recitations of harms he suffered as a child and references to child trafficking, his purported status as a United States Marshals Service Witness Security Program informant, that he has apprehended numerous criminals and drug traffickers across Indiana and is in need of protection, and his desire to reclaim

his life and "revel in the joys of life unencumbered." (Dkts. 5, 6, 10, 11, 15, 16, 18, 21, 23.) Thereafter, on November 18, 2023, Plaintiff filed a Motion for Assistance and acknowledgement of sever (sic) trauma (Dkt. 24); in which he shares the profound challenges that dominate his daily life. In his November 27, 2023, Motion for Electronic Filings, Plaintiff states that he is homeless, and he request that all future filings related to this case occur electronically. (Dkt. 25). Plaintiff has also docketed a letter addressed to Honorable Judge Amy Coney Barrett detailing sexual abuse he encountered during his youth. (Dkt. 26). The Court gleans from Plaintiff's filings that he is in distress, but these filings are mostly incoherent pleadings, and the court is not required to guess Plaintiffs claims. Because the Complaint is being dismissed for failure to state a claim, these other filings are necessarily **denied as moot**.

## V. CONCLUSION

For the foregoing reasons, this action is **DISMISSED without prejudice**. Ordinarily, the Court would give Plaintiff an opportunity to show cause why this action should not be dismissed or to amend his complaint. *See Frey v. E.P.A.*, 270 F.3d 1129, 1132 (7th Cir. 2001). However, such an opportunity is not necessary where amendment would be "futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). Plaintiff's litigation practices in other courts[1] and the fantastical nature of his recitations in this case indicate that Plaintiff is unable to advance legitimate claims and the Court finds that leave to amend would be entirely unwarranted.

---

[1] It has come to the Courts attention that Plaintiff is currently under a filing restriction issued by the Supreme Court of Indiana as a sanction for his repeated "procedurally improper, frivolous, and abusive pleadings." *Young v. State of Indiana*, 23S-CO-323 (Ind. Nov. 20, 2023). Plaintiff has also recently filed five new cases in the District of Colorado. *Young v. State of Colorado*, No. 1:23-cv-3042 (filed Sept. 16, 2023); *Young v. No Named Defendant*, No. 1:23-cv-3043 (filed Sept. 16, 2023); *Young v. Church of Jesus Christ of Latter-Day Saints*, No. 1:23-cv-3044 (filed Sept. 16, 2023); *Young v. Colorado Real Estate Commission*, No. 1:23-cv-3045 (filed Sept. 16, 2023); *Young v. No Named Defendant*, No. 1:23-cv-3046 (filed Sept. 16, 2023). While this case appears to be Plaintiff's first in this district, frivolous filing behavior in this court may subject Plaintiff to sanctions including, but not limited to, a restriction on his ability to file documents in this court.

Plaintiff's Motion for Emergency Protective Order Against the State of Indiana and Illinois (Dkt. 11), Motion to Appoint Subject Matter Experts (Dkt. 12), Motion for Lifetime Restraining Order (Dkt. 15), Motion to Revoke Parental Association (Dkt. 16), Motion for Contempt of Court (Dkt. 18), Motion for Joint Agreed Upon Protective Order (Dkt. 19), Emergency Request for Re-Admittance to WITSEC and Relocation for Safety (Dkt. 23), Motion for Assistance and Acknowledgement of Severe Trauma (Dkt. 24), and Motion for Electronic Filings (Dkt. 25) are **DENIED as moot**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/28/2023

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MAVERICK ALEXANDER YOUNG
1001 E. 62nd Ave.
Apt. 1695
Denver, CO 80216